IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HORACE JOHNSON | CRIMINAL ACTION<br><br>NO. 20-299-KSM-2 |

# ORDER

**AND NOW** this 6th day of July, 2022, upon consideration of Defendant Horace Johnson's pro se Motion for Compassionate Release Pursuant to 18 U.S.C. § 3624(c)(2) and 18 U.S.C. § 3582(c)(1)(A) (Doc. No. 96), the Government's opposition brief (Doc. No. 98), and the Defendant's medical records (Doc. No. 99), it is **ORDERED** that the motion is **DENIED.**

**IT IS FURTHER ORDERED** that the Government's Motion to Impound (Doc. No. 100) is **GRANTED.**[1]  The Defendant's medical records (Doc. No. 99) shall remain **UNDER SEAL.**  The Clerk of Court is directed to make no public docket entry of the records and to provide copies of sealed documents only to the parties.

**IT IS SO ORDERED.**

*Karen Spencer Marston*
_____
KAREN SPENCER MARSTON J.

---

[1] After balancing the public's right of access to judicial documents with the Government's compelling interest in protecting Defendant's privacy interest in his medical records, we find that sealing is appropriate.  The relevant portions of Defendant's medical history are discussed at length in the parties' briefing and the Court's Memorandum denying Defendant's Motion for Compassionate release—all of which are publicly available on the Court's docket.  If we were to make the unrelated portions of Defendant's detailed medical records publicly available, it would substantially impair Defendant's privacy rights.  Therefore, we find this limited restriction upon the right of access is warranted in this case.  *See United States v. Thomas*, 905 F.3d 276, 282 (3d Cir. 2018) (explaining that before sealing a judicial record in a criminal case, the Court must find that "absent limited restrictions upon the right of access," a "compelling government interest" would be "substantially impaired").